```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

                  CASE NO. 09-82349-CIV-DIMITROULEAS
```

NIKITA CARTER,

    Plaintiff

vs.

MICHAEL ASTRUE,
Commissioner of Social Security,

    Defendant
_____/

### REPORT AND RECOMMENDATION

    THIS CAUSE is before the Court on the plaintiff's Unopposed Application for Attorney Fees Under the Equal Access to Justice Act (DE 19), which was referred to United States Magistrate Judge Lurana S. Snow for report and recommendation.

    The plaintiff in this case sought judicial review of the final decision of the Commissioner of Social Security denying his claims for Supplemental Security Income Benefits. This Court entered an Order remanding the case to the Commissioner for further proceedings. The parties agree that the plaintiff is the prevailing party and entitled to an award of fees under the Equal Access to Justice Act (EAJA), 21 U.S.C. § 2412(d)(1)(A). The defendant does not contest the claimed fee amount of $4,712.12, which is based on an hourly rate of $178.53 (the 1996 rate of $125 per hour adjusted for increase in the cost of living). However, the defendant objects to direct payment of the fee to plaintiff's

counsel, citing the Supreme Court's decision in Astrue v. Ratliff, 130 S.Ct. 2521 (2010).

Ratliff addressed the question of whether an attorney fee award was subject to administrative offset for a debt incurred by the plaintiff to the Government prior to date of the award. The Court first noted that subsection (d)(1)(A) directs courts to award fees and other expenses to the prevailing party, a term of art which refers to the prevailing litigant. Id. at 2525. Ratliff argued that the Government's practice of paying some EAJA fee awards directly to attorneys in Social Security cases rendered §2412(d) ambiguous, and that other provisions of the EAJA indicated that the ambiguity should be resolved in her favor. The Court rejected this argument, holding that "the provisions and practices Ratliff identifies do not alter our conclusion that EAJA fees are payable to litigants and are thus subject to offset where a litigant has outstanding federal debts." Id. at 2527. Similarly, Ratliff's argument that the Social Security Act's provisions which make fee awards under that statute directly payable to a claimant's attorney "undermines Ratliff's case insofar as it shows that Congress knows how to make fee awards payable directly to attorneys when it desires to do so." Id.

The Government conceded that its general practice had been to pay EAJA fees directly to attorneys in cases where the prevailing party had assigned its rights in the fee award to the

2

attorney.  The Court pointed out that such an assignment would not be necessary if the statute rendered the fee award payable to the attorney in the first instance.  Moreover, the Government had changed that practice by making to direct payment to the attorney only in cases where the plaintiff had assigned the right to receive the fee to the attorney and the plaintiff did not owe a debt to the Government.  Id. at 2529.  Despite the practical reality that the attorneys are the beneficiaries and generally are the ultimate recipients of fee awards, it is the party, rather than the lawyer, who is entitled to receive the fee.  This is because "the statute 'controls what the losing defendant must pay, not what the prevailing plaintiff must pay his lawyer.'" Id., quoting Venegas v. Mitchell, 495 U.S. 86, 90 (1990).

In the instant case, the defendant objects to payment of the EAJA fee award directly to counsel for the plaintiff.  The plaintiff, in response, contends that she has assigned her right to the fee award to her attorney, and the validity of that assignment is not before the Court.  The undersigned agrees, but concludes that under Ratliff, a valid fee assignment has no bearing on the requirement that the attorney fee award must be paid to the prevailing litigant, not to her counsel.

The undersigned finds that (1) the plaintiff is the prevailing party; (2) the position of the defendant in this case was not substantially justified; (3) the claimed fee amount of

3

$4,722.12 is objectively reasonable, and (4) a fee award in that amount should be paid to the plaintiff and not to her attorney. Therefore, being duly advised, it is hereby

RECOMMENDED that the plaintiff's Unopposed Application for Attorney Fees Under the Equal Access to Justice Act (DE 19) be GRANTED, and that a fee award in the amount of $4,722.12 be awarded to the plaintiff.

The parties will have 14 days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, for consideration by The Honorable William P. Dimitrouleas, United States District Judge. Failure to file objections timely shall bar the parties from attacking on appeal factual findings contained herein. LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 18th day of January, 2011.

_____
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:

Adam Scott Neidenberg, Esq. (P)
AUSA Carlos Javier Raurell (D)